**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FIDELITY AND DEPOSIT COMPANY**    **CIVIL ACTION**
**OF MARYLAND and ZURICH AMERICAN**
**INSURANCE COMPANY**

**VERSUS**            **NO. 11-2722**

**BENETECH, LLC**         **SECTION "C" (1)**
**WILLIAM J. BENNETT, and**
**WILLIAM A. BENNETT**

<u>**ORDER AND REASONS**</u>[1]

  This matter is before the Court on a Motion for Summary Judgment filed by Plaintiffs,

Fidelity and Deposit Company of Maryland and Zurich American Insurance Company. Rec.

Doc. 28. The motion is opposed by Defendants, Benetech, William J. Bennett, and William A.

Bennett. Rec. Doc. 34. Having reviewed the record, the memoranda of counsel, and the law, the

motion is DENIED.

**I. Background**

  Plaintiffs in this action seek indemnity for payments made to third parties for bonds

issued to Defendants. Rec. Doc. 28-1, 3. These bonds were awarded so that Defendants could

---

[1]Jason A. Danowsky, a first year student at the University of Texas School of Law,
assisted in the preparation of this Order & Reasons.

1

perform construction work for the US Army Corps of Engineers. Rec. Doc. 34, 2. Plaintiffs have

been reimbursed in part by unidentified third parties. Rec. Doc. 28-1, 2.

> The Indemnity Agreement entitles Plaintiffs
>
> to charge for any and all disbursements made by it in good faith and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed; and that the vouchers or other evidence of any such payments made by the Surety [Plaintiffs] shall be *prima facie* evidence of the fact and amount of the liability to the Surety.

Rec. Doc. 28-2, 11. The Indemnity Agreement also entitles Plaintiffs to all other "losses and/or

expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and

counsel fees)" *Id*.

## II. Standards

Summary judgment is proper when "the record indicates that there is no genuine issue as

to any material fact" and when the party moving for summary judgment is "entitled to judgment

as a matter of law." FED.R.CIV.P. 56(a). A genuine issue of material fact exists when, based on

the evidence, a reasonable jury could return a verdict for the non-moving party. *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). When considering a motion for summary

judgment, this Court "will review the facts drawing all inferences most favorable to the party

opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th.Cir.1986).

However, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons,

it cannot present facts essential to justify its opposition, the court may: (1) defer considering the

motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)

issue any other appropriate order. FED.R.CIV.P. 56(d). "To obtain a continuance of a motion for

summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). The nonmoving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Id* (citing *Sec. and Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).

### III. Law and Analysis[2]

Defendants argue that there is missing information which, if revealed through discovery, may raise genuine issues of material fact. For example, Plaintiffs admit to having been indemnified by more than $4 million dollars by "third parties." Rec. Doc. 28-1, 2. These third parties have not been identified, nor have the motives or contractual obligations for these indemnifications been identified. Even if Defendants' theory that a purported third party attempted to use Defendants as a "straw man," (Rec. Doc. 34, 8), is incorrect, the third parties and their contracts may impact the Defendants' legal rights.[3]

---

[2]Plaintiffs' reply does not address the below issues raised by Defendants' initial Opposition to Motion for Summary Judgment under the mistaken belief that "this Court did not grant the Defendants leave to file that opposition." Rec. Doc. 38-2, 2. Plaintiffs appear to have misinterpreted this Court's June 4th Order, which denied the Defendants' motion to continue because a responsive opposition was more appropriate. Rec. Doc. 33 ("If the defendants oppose the plaintiffs' motion on procedural grounds, they should file an opposition to that effect").

[3]Defendants assert elsewhere that various third parties are responsible for Defendants' receiving the bond (Rec. Doc. 35-2, 2), or are ultimately attributable for Plaintiffs' claims (Rec. Doc. 35-2, 3), yet have not offered a legal theory as to how these actions relieve Defendants of their contractual obligations to Plaintiffs.

Likewise, the indemnity agreement requires that Plaintiffs' payments be made in good faith and that Plaintiffs provide Defendants vouchers or other evidence of those payments. "The general rules which govern the interpretation of other contracts apply in construing a contract of indemnity." *Sovereign Ins. Co. v. Texas Pipe Line Co.*, 488 So.2d 982, 984 (La. 1986). "A contract is the law between the parties, and is read for its plain meaning." *Chailland Business Consultants v. Duplantis*, 897 So.2d 117, 123 (La.App. 1st Cir., 2004). Defendants note that Plaintiffs have not provided evidence of the above requirements, and Defendants' theory regarding third parties may entail a lack of good faith. Because Defendants have identified potentially relevant information not yet available to them, discovery could create an issue of material fact, therefore summary judgment is inappropriate.

Finally, even ignoring the possibility that discovery relating to the above issues could raise an issue of material fact, a question of fact remains as to damages. Plaintiffs provides a single spreadsheet listing the damages claimed. Rec. Doc. 28-2, 20. Defendants counter with evidence indicating that at least some of the indemnified amount has been paid. Rec. Doc. 35-2, 3; Rec. Doc. 35-3, 66-94. Because there is a question of fact as to the amount of damages owed, summary judgment is inappropriate.[4]

---

[4]The indemnity agreement additionally states"[s]eparate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits, upon other causes of action, whether theretofore or thereafter arising." Rec. Doc. 28-2, 13. This Court is confused by Defendants' argument that Plaintiffs claim the right "to additional judgments [presumably through summary proceedings] for future losses." Rec. Doc. 34, 11. (bracket parenthetical in the original) (discussing Plaintiffs' argument sin Rec. Doc. 28-1, 18). Assuming future causes of action occur, Plaintiffs certainly have the right to file future suits and, in those suits, future motions for summary judgment. In any event, any issues raised by this portion of the Indemnity

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is hereby DENIED.

Rec. Doc. 28.

New Orleans, Louisiana, this 2nd day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

Agreement are immaterial to the current motion, assuming those suits arise from separate causes of action.