UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIDELITY AND DEPOSIT COMPANY                CIVIL ACTION
OF AMERICA, ET AL

VERSUS                                       NO. 11-2722

BENETECH, L.L.C., ET AL                      SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion in limine to exclude testimony of William Aaron Bennett and for drawing adverse inference filed by CDM Constructors Inc. ("CDM Constructors"), joined in by Fidelity and Deposit Company of Maryland and Zurich American Insurance Company (collectively "Sureties") and opposed by William Aaron Bennett, *pro se* ("Aaron Bennett"). Rec. Docs. 112, 117, 123. Having considered the record, the memoranda and the law, the Court rules as follows.

The Sureties have sued Benetech, LLC ("Benetech"), William J. Bennett ("William Bennett") and Aaron Bennett for indemnity. Rec. Doc. 1. Benetech and William Bennett, represented by the same counsel, filed a third-party complaint against CDM Constructors, which resulted in a third-party complaint against Aaron Bennett in which CDM Constructors alleges breach of contract, misappropriation of funds, wrongful termination, subrogation and fraud. Rec. Doc. 13, 16, 21. Default was entered against

Aaron Bennett on May 7, 2013, and is still pending although he filed an answer on May 8, 2013, after the pre-trial conference he attended.  Rec. Docs. 103, 104, 109.

Aaron Bennett invoked his Fifth Amendment right against self-incrimination at his October 4, 2012, deposition.  In this motion, the movers argue that Aaron Bennett only recently advised that he was withdrawing that invocation at the pre-trial conference on May 7, 2013, causing prejudice to them because of the pending trial date during the week of May 20, 2013.  In this motion, the movers seek exclusion of Aaron Bennett's testimony at the trial, along with an adverse inference against him.  In opposition, Aaron Bennett argues that he "offered to have a very candid off the record conversation" with counsel for the movers at the time of his deposition, that CDM Constructors "will not be adversely effected because they are very aware of what I intend to testify about" and that he first advised counsel for CDM Constructors that he was withdrawing his invocation on April 30, 2013, not at the pre-trial conference on May 7, 2013.  Rec. Doc. 123 at 1–2.

"In general, the decision as to whether to admit a person's invocation of the Fifth Amendment into evidence is committed to the discretion of the trial court."  *Federal Deposit Insurance Corp. v. Fidelity & Deposit Co. of Maryland*, 45 F.3d 969, 977 (5th Cir.

1995). "The Fifth Amendment 'does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" *Id.*, citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

The movers find solid support for their motion in *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539 (5th Cir. 2012), a civil RICO case involving two defendants who had invoked the privilege against self-incrimination during discovery and later sought to withdraw that invocation. After recognizing the discretion of the trial court in a civil matter, the Fifth Circuit acknowledged the Supreme Court's caution that the Constitution limits the imposition of sanctions that make the assertion of the Fifth Amendment privilege "costly." *Id.* at 547, quoting *Spevack v. Klein*, 385 US. 511, 515 (1967). The Fifth Circuit held that courts should seek out ways to permit as much testimony as possible to be presented at trial, despite the assertion of the privilege, and to weigh the parties' competing interests with a view toward accommodating those interests where possible. *Id.*

According to the Fifth Circuit in *Davis-Lynch*:

> Generally, "[t]he court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice from the litigant's later-regretted decision to invoke the Fifth Amendment. Conversely, withdrawal is not permitted if the litigant is trying to

3

> "abuse, manipulate or gain an unfair strategic advantage over opposing parties." The timing and circumstances under which a litigant withdraws the privilege are relevant factors in considering whether a litigant is attempting to abuse or gain some unfair advantage.

*Id.* at 547. "Generally, withdrawing the Fifth Amendment privilege at a late stage places the opposing party at a significant disadvantage because of increased costs, delays, and the need for a new investigation." *Id.* at 548. Withdrawal of the invocation at a late stage may be appropriate if circumstances indicate: (1) the litigant was not using the privilege in a tactical, abusive manner; and (2) the opposing party would not experience undue prejudice as a result. *Id.*

In *Davis-Lynch*, the Fifth Circuit reversed a district court order denying the first defendant's withdrawal because he had invoked his Fifth Amendment more than a month before the discovery deadline, but affirmed the district court's order with regard to the second defendant, who had withdrawn his right five days prior to the discovery deadline in the face of a motion for summary judgment because it "appears more likely to be an attempt to abuse the system or gain an unfair advantage." Aaron Bennett is proceeding unrepresented in this matter, but he is represented by counsel in a companion case trial set for trial immediately prior to this trial. *Camp Dresser & McKee, Inc. v. Benetech, LLC, et al*, Civ. Act. 10-2864 "C" (2). Although Aaron Bennett has not

4

filed a motion to withdraw his invocation, the earliest date on which Aaron Bennett may have indicated he intended to withdraw his invocation is reflected in his email of April 30, 2013, well after the April 1, 2013, discovery deadline. These circumstances, along with the lack of a coherent explanation for the delay from Aaron Bennett, support the Court's finding that Aaron Bennett did attempt to abuse the system and gain an unfair advantage by withdrawing his Fifth Amendment privilege long after the discovery deadline.[1]

    The more difficult issue presented by this motion concerns the appropriate relief. This case involves millions of dollars of post-Katrina government money and a company that Aaron Bennett admits he controlled. Testimony from this key witness is important. This trial is before the Court without a jury. On balance, and with the exercise of judicial restraint, the Court will allow Aaron Bennett to withdraw his invocation, but will consider any trial testimony from Aaron Bennett both with and without an adverse inference, and determine whether to apply the adverse inference post trial. In addition, the Court will consider a defense motion to leave the trial record

---

[1] This finding has additional support in the recent attempts of Aaron Bennett to discharge his attorney in the companion case set for trial during the same week as this trial. *Camp Dresser & McKee, Inc. v. Benetech, LLC, et al*, Civ. Act. 10-2864 "C" (2).

open in order to allow the defendants the opportunity to conduct additional discovery, including the post-trial deposition of Aaron Bennett, and submit the results into the record as trial evidence, if appropriate.

Accordingly,

IT IS ORDERED that the motion in limine to exclude testimony of William Aaron Bennett and for drawing adverse inference filed by CDM Constructors Inc. ("CDM Constructors"), joined in by Fidelity and Deposit Company of Maryland and Zurich American Insurance Company, is PARTIALLY GRANTED and PARTIALLY DENIED. Rec. Docs. 112, 117.

New Orleans, Louisiana, this 17th day of May, 2013.

                                                                  _____
                                                                  HELEN G. BERRIGAN
                                                                  UNITED STATES DISTRICT COURT